**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

———————————————————— )
                                       )
CARL OGLESBY,                          )
                                       )
        Plaintiff,                     )
                                       )
        v.                             )        Civil Action No. 02-603 (RWR)
                                       )
UNITED STATES DEPARTMENT OF            )
JUSTICE <u>et al.</u>,                 )
                                       )
        Defendants.                    )
———————————————————— )

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Carl Oglesby sued under the Freedom of Information

Act ("FOIA"), 5 U.S.C. § 552, seeking records maintained by the

Federal Bureau of Investigation ("FBI") and the Central

Intelligence Agency ("CIA").  Defendants have moved for summary

judgment.  Oglesby has filed his own cross-motion for summary

judgment, and opposes defendants' motion.  Because Oglesby raises

issues only with respect to the FBI's disclosures, the

defendants' motion as to the CIA will be granted as conceded.

Because Oglesby has identified numerous genuine issues of

material fact regarding whether the FBI has withheld only

information properly exempted from disclosure under the FOIA, the

defendants' motion will be denied as to the FBI, and the FBI will

be required to file disclosures that fairly meet the requirements

imposed by <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973); 523

F.2d 1136 (D.C. Cir. 1975); <u>Mead Data Cent., Inc. v. Dep't of the</u>

<u>Air Force</u>, 566 F.2d 242 (D.C. Cir. 1977); and <u>King v. Dep't of</u>

<u>Justice</u>, 830 F.2d 210 (D.C. Cir. 1987).  Because the FBI's disclosures are not sufficient to permit proper adversary testing of the issues in this case, it is not possible to conclude that there are no genuine issues of material fact, and therefore Oglesby's cross-motion for summary judgment will also be denied.

<u>BACKGROUND</u>

Oglesby is an author, lecturer and political journalist. During the 1960s, he participated in activities protesting the United States' involvement in Vietnam, and served as the President of Students for a Democratic Society ("SDS").  Because of his activities and associations, he has been the subject of governmental interest and surveillance.  Oglesby believes that some of his activities were documented in an FBI program known as COINTELPRO.  In later years, Oglesby voluntarily served as a human intelligence source for the FBI as well, a fact that he expected to be reflected in agency records.

Oglesby made FOIA requests to both the FBI and the CIA for records pertaining to himself.  Three years later he filed this civil action to enforce his requests.  In response to Oglesby's FOIA request, the CIA reviewed 273 responsive records and released all or part of 22 of these records to Oglesby.  Oglesby does not challenge the CIA's response to his FOIA request.

The FBI reviewed 4510 responsive records and released all or part of 3770 of them to him.  Oglesby and the FBI agreed that

-3-

because of the large number of responsive records involved,
Oglesby would select a small sample of documents for which the
FBI would provide disclosures and an explanation of withheld
information in accord with Vaughn's requirements.  For the
sample, Oglesby selected 90 documents comprised of some 234
pages.  The FBI released the records to Oglesby, with annotations
indicating statutory exemptions on pages where information had
been redacted.  The annotated pages were accompanied by an
explanatory declaration.  The FBI then filed a motion for summary
judgment.  Oglesby filed an opposition and cross-motion for
summary judgment, arguing both that the FBI's declaration and
annotated redacted pages fall short of the requirements imposed
on agencies in FOIA cases and that the FBI's search for records
is demonstrably deficient.  Oglesby seeks to take discovery
concerning the FBI's record search.

Because the factual and legal basis for many of the FBI's
claimed exemptions was not clear from the annotated pages and
accompanying declarations, the FBI was ordered to submit for *in
camera* review approximately half of the pages in the sample given
to Oglesby.  The *in camera* review has been completed.

DISCUSSION

The FOIA was intended "to permit access by the citizenry to
most forms of government records."  Vaughn, 484 F.2d at 823.  To
protect competing privacy interests for both agencies and

-4-

individuals, Congress balanced the right to information with nine statutory exemptions that were "plainly intended to set up concrete, workable standards for determining whether particular material may be withheld or must be disclosed." EPA v. Mink, 410 U.S. 73, 79 (1973). Information that is not exempt must be disclosed. Mead Data, 566 F.2d at 260.

Summary judgment is permitted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). In a FOIA suit an agency is entitled to summary judgment only after demonstrating that no material facts are in dispute and that all information falling within the class requested either has been produced, is unidentifiable, or is exempt from disclosure. Students Against Genocide v. Dep't of State, 257 F.3d 828, 833 (D.C. Cir. 2001); Weisberg v. Dep't of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980). In other words, here, the FBI must show through uncontroverted sworn statements (i) that it has "made a good faith effort to conduct a search . . . using methods which can reasonably be expected to produce the information requested," Oglesby v. Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990), (ii) that there is no genuine issue that it properly invoked statutory exemptions to withhold any information, King, 830 F.2d at 217, and (iii) that all non-exempt

-5-

information that is reasonably segregable has been segregated and
disclosed.  Mead Data, 566 F.2d at 260-62.

Compliance with the FOIA is tested in the adversary system
upon a challenge by the party denied access to the records it
seeks.  In order for a FOIA challenge to be meaningful, the
agency resisting disclosure of the records must disclose
sufficient information about the records to permit a FOIA
plaintiff to make an informed opinion about whether the agency
has complied with the law and to "present its case effectively"
to the court.  Mead Data, 566 F.2d at 251; see also Vaughn, 484
F.2d at 823-24, 828 (noting that disclosing sufficient
information will permit a more adequate adversary testing of the
issues).

Where, as here, a FOIA plaintiff challenges an agency's
assertion of FOIA exemptions, a court is required to conduct a de
novo review of the application of the exemptions.  5 U.S.C.
§ 552(a)(4)(B).  While an in camera inspection of the documents
containing the information at issue may be undertaken at the
court's discretion, in camera inspections are not advisable in
light of the judicial resources such a task requires.  Ray v.
Turner, 587 F.2d 1187, 1195 (D.C. Cir. 1978).  Rather, a court
should be able to conduct its de novo review solely on the basis
of the agency's disclosures and affidavits.  The agency's
submissions should "provide a reviewing court with sufficient

-6-

information to determine, without the disclosure of actual
documents, whether information withheld by an agency falls within
the claimed FOIA exemption." Voinche v. FBI, 412 F. Supp. 2d 60,
65 (D.D.C. 2006).  An agency's FOIA response must be sufficiently
precise and explanatory that a court can "effectively and
efficiently . . . evaluate the factual nature of disputed
information." Vaughn, 484 F.2d at 826.  Without sufficiently
specific and detailed information, neither a reviewing court nor
an individual seeking agency records can meaningfully evaluate an
agency's response to a request for government records.  Founding
Church of Scientology v. Bell, 603 F.2d 945, 947 (D.C. Cir.
1979).

I.   ADEQUACY OF THE FBI'S SEARCH

Summary judgment may not be granted in the absence of an
adequate search for responsive records.  In the face of a
challenge to the adequacy of an agency's search,

> the agency may meet its burden by providing a
> reasonably detailed affidavit, setting forth the search
> terms and the type of search performed, and averring
> that all files likely to contain responsive materials
> were searched. . . .  The plaintiff may then provide
> countervailing evidence as to the adequacy of the
> agency's search. . . .  If a review of the record
> raises substantial doubt, particularly in view of well
> defined requests and positive indications of overlooked
> materials, summary judgment is inappropriate.

Iturralde v. Comptroller of the Currency, 315 F.3d 311, 314 (D.C.
Cir. 2003) (citations and internal quotation marks omitted).
"[T]he adequacy of a FOIA search is generally determined not by

-7-

the fruits of the search, but by the appropriateness of the methods used to carry out the search." Id. at 315. "There is no requirement that an agency search every record system. . . . In order to obtain summary judgment the agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby, 920 F.2d at 68. However, "if the sufficiency of the agency's identification or retrieval procedure is genuinely in issue, summary judgment is not in order." Weisberg, 627 F.2d at 370.

The FBI submitted a declaration that described the FBI's response to FOIA requests in general and Oglesby's request in specific. (See Defs.' Mot. to Stay Proceedings, Decl. of Scott A. Hodes ¶¶ 1-35, July 8, 2002.) The Hodes declaration disclosed that the search for responsive records identified six main files and hundreds of cross-references that were within the scope of Oglesby's request, as well as two electronic files. (See id. ¶¶ 30-35, July 8, 2002.) Oglesby challenges the FBI's search based in large part on his belief that his activities were recorded as part of a particular FBI program known as COINTELPRO, and the fact that none of the released records appear to come from the COINTELPRO program.

While the search process described in the Hodes declaration might support a conclusion that the FBI had met its search

-8-

obligation under the FOIA, neither that declaration nor any other
FBI disclosure addresses Oglesby's concern that no records
identified as part of a COINTELPRO file have been released.
Assuming that Oglesby's premise is correct, the absence of
COINTELPRO records in the release could be either because all
such information has been withheld, or because no such records
were located due to a faulty search process.  The FBI's
disclosures are not sufficiently forthcoming or specific to
permit either of these possibilities, or others, to be ruled out.
At this juncture, discovery regarding the search process would be
premature.

II.  JUSTIFICATION OF THE FBI'S ASSERTED EXEMPTIONS

     Because the FOIA is intended to "assure public access to all
governmental records whose disclosure would not significantly
harm specific governmental interests[,] . . . the policy of the
Act requires that the disclosure requirement be construed
broadly, [and] the exemptions narrowly." Vaughn, 523 F.2d at
1142 (citations and internal quotation marks omitted).  If the
agency locates records but withholds all or part pursuant to an
exemption, it must assert one or more of the nine statutory
exemptions codified at 5 U.S.C. § 552(b) as justification and
correlate the exemption with the precise segment of non-disclosed
information to which it applies.  Mead Data, 566 F.2d at 251.

-9-

The agency's explanatory submissions "must adequately describe each withheld document or deletion from a released document" and "must state the exemption claimed for each deletion or withheld document, and explain why the exemption is relevant" in order to permit a "court to conduct a meaningful *de novo* review of the agency's claim of an exemption." Voinche, 412 F. Supp. 2d at 65; see also King, 830 F.2d at 224 (stating that "the agency affidavits must, for each redacted document or portion thereof, . . . describe the document withheld or any redacted portion thereof, disclosing as much information as possible without thwarting the exemption's purpose"). With respect to classified information in particular, the agency "must describe with reasonable specificity the material withheld, and identify the damage to the national security expected to attend its disclosure." King, 830 F.2d at 221. Where disclosures are not sufficiently detailed to permit a meaningful *de novo* review, a court may order the agency to submit more detailed disclosures. King, 830 F.2d at 225; Voinche, 412 F. Supp. 2d at 65.

With its motion for summary judgment, the FBI submitted an agency declaration and copies of pages that had been released to Oglesby. Released pages with redacted information are annotated with one or more codes referring to a FOIA exemption. In many instances the annotated pages use multiple codes in the margin that are not linked to any particular redacted segment. For

-10-

example, a page annotated with "b7c" and "b7d" does not indicate which redactions are justified by which exemption.  Similarly, a page annotated with "b1" and "b7c" does not indicate which redactions are justified by which exemption.

Where the "b1" code indicating classified material does not distinguish among multiple statutory bases for withholding information, the declaration identifies the more precise basis invoked.  Such information could be withheld for a variety of reasons, including because its disclosure would reveal (i) the identity of a confidential human source, (ii) the identity of a human intelligence source, (iii) information about the application of an intelligence source and method, (iv) information that would seriously impair relations between the United States and a foreign government, or (v) information that would seriously and demonstrably undermine ongoing diplomatic activities of the United States.  (See Defs.' Mot. Summ. J., Decl. of Nancy L. Steward ¶ 23, Aug. 10, 2005 ("Steward Decl.").)  In such instances, the declaration identifies one or another of these more specific reasons as the basis on which the FBI claims the exemption.  (See id. ¶¶ 23-34.)  In many instances the declaration indicates that a single page with multiple redactions had more than one basis for withholding "b1" classified information.  However, the declaration does not link the specific reason with the specific redaction where there were

-11-

multiple reasons for multiple redactions provided.  Nor does the
declaration provide a discussion for each segment of redacted
information of the anticipated adverse consequences to national
security that disclosure would invite.

The FBI does not describe the content of either whole
documents or portions withheld, as the FOIA requires.  See King,
830 F.2d at 224.  The declaration identifies whole documents
variously as "letter head memorandum," "memorandum," "SF
investigative report," "memorandum and encl.," and so on.  (See
Steward Decl. at 4-12.)  These labels do not suffice for
descriptions of the information the FBI claims is exempt.

The FBI's disclosures here do not measure up to the
obligations imposed on an agency in a FOIA action.  The
disclosures in this case appear very much like those described --
and found wholly inadequate -- in King.  830 F.2d at 221-225.
There, as here, the FBI failed to provide individual descriptions
of withheld documents or segments.  The Circuit criticized this
approach and called it inadequate in its result.  Id. at 221.
There, as here, the FBI failed "for each withholding . . . [to]
discuss the consequences of disclosing the sought-after
information" that the FBI claimed is exempt as classified.  Id.
at 223-24.  There, as here, the FBI resorted to "categorical
description of redacted material coupled with categorical
indication of anticipated consequences of disclosure," which the

-12-

Circuit found to be "clearly inadequate." Id. at 224.  In King,
the Circuit required that "[t]o support its Exemption ["b1"]
claims, the agency affidavits must, for each redacted document or
portion thereof, (1) identify the document, by type and location
in the body of documents requested; (2) note that Exemption
["b1"] is claimed; (3) describe the document withheld or any
redacted portion thereof, disclosing as much information as
possible without thwarting the exemption's purpose; (4) explain
how this material falls within one or more of the categories of
classified information authorized by the governing executive
order; and (5) explain how disclosure of the material in question
would cause the requisite degree of harm to the national
security." Id.  Here, the FBI must do the same.

III. THE FBI'S DISCLOSURE OF REASONABLY SEGREGABLE INFORMATION

        Where a record contains both exempt and non-exempt
information, the FOIA obligates an agency to segregate all
reasonably segregable information and disclose it.  See 5 U.S.C.
§ 552(b).  "It has long been the rule in this Circuit that non-
exempt portions of a document must be disclosed unless they are
inextricably intertwined with exempt portions." Mead Data, 566
F.2d at 260.  An agency's disclosures should be such that a court
need not resort to an in camera review to determine whether all
reasonably segregable information has been segregated and
disclosed.  "It is no adequate answer to say that the courts are

-13-

free to review the agency's conclusion after a full in camera
inspection of the documents."  Mead Data, 566 F.2d at 260.

Here, it is not possible to determine from the agency
affidavits and released annotated pages whether all reasonably
segregable information had been disclosed.  The *in camera* review
-- while not conclusive because of the confounding issues related
to inadequately explained exemptions asserted -- afforded no
basis to support a conclusion that the FBI has met its obligation
to segregate and disclose non-exempt information.

CONCLUSION AND ORDER

Because Oglesby does not dispute the CIA's responses to his
FOIA request, and because the FBI's FOIA disclosures fall short
of the obligations imposed on an agency in a FOIA action and do
not afford a sufficient basis for a legitimate *de novo* review, it
is hereby

ORDERED that the defendants' motion for summary judgment
[46] be, and hereby is, GRANTED in part and DENIED in part.  It
is granted as conceded as to the CIA, and denied as to the FBI.
It is further

ORDERED that Oglesby's cross-motion for summary judgment
[53] be, and hereby is, DENIED.

The parties are directed to confer and by March 30, 2007
file a proposed schedule upon which this case may proceed,

-14-

including the FBI's re-review of records and preparation of an
appropriate <u>Vaughn</u> index and accompanying agency declaration.

SIGNED this 27th day of February, 2007.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge