UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**CARL OGLESBY**,                   )
                                    )
    **Plaintiff**,              )
                                    )
        v.                  )   Civil Action No. 02-603 (RWR)
                                    )
**UNITED STATES DEPARTMENT OF**     )
**JUSTICE et al.**,                 )
                                    )
    **Defendants**.             )
_____)

**MEMORANDUM ORDER**

    By order dated February 27, 2007 ("Order"), this court denied a motion for summary judgment as to defendant Federal Bureau of Investigation ("FBI"), and directed the parties to confer and file a proposed schedule upon which this case could proceed.  The parties have reported that they are unable to agree on a proposed schedule because they disagree as to the Order's direction with respect to the scope of the re-review and disclosures required by Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973); 523 F.2d 1136 (D.C. Cir. 1975).

    An *in camera* review was undertaken while the FBI's motion for summary judgment was under consideration, because the FBI's disclosures were not sufficiently fulsome to permit a *de novo* review.  The *in camera* review, however, "afforded no basis to support a conclusion that the FBI ha[d] met its obligation to segregate and disclose non-exempt information."  Oglesby v.

-2-

United States Dep't of Justice, Civil Action No. 02-603 (RWR), 2007 WL 625852, *5 (D.D.C. Feb. 27, 2007).

The FBI identified 4510 records responsive to plaintiff Carl Oglesby's request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522.  Absent a new agreement between Oglesby and the FBI to allow the FBI to prepare a Vaughn index for only a sample of the 4510 responsive records, the law obligates the FBI to describe **each** document or portion of a document in the 4510 responsive records that is not disclosed to Oglesby and, for **each**, identify the statutory exemption and explain how the exemption applies.  Voinche v. FBI, 412 F. Supp. 2d 60, 65 (D.D.C. 2006).  If the non-disclosed information is withheld because it is classified, the FBI must also identify the damage its disclosure would cause to the national security.  King v. Dep't of Justice, 830 F.2d 210, 221 (D.C. Cir. 1987).  All descriptions and explanations of non-disclosed information must be sufficiently fulsome to allow both this court -- without benefit of an *in camera* review -- and Oglesby to make an informed assessment as to whether any of the non-disclosed material is, in fact, not exempt from disclosure by law.  Mead Data Cent., Inc. v. Dep't of the Air Force, 566 F.2d 242, 251 (D.C. Cir. 1977); see also Vaughn, 484 F.2d at 823-24, 828 (noting that adversary testing of the issues depends on the disclosure of sufficient information about the withheld material).

-3-

Accordingly, it is hereby

ORDERED that the parties be, and hereby are, directed to confer and by April 30, 2007 file a proposed schedule upon which this case may proceed.

SIGNED this 16th day of April, 2007.

                                        /s/
                             RICHARD W. ROBERTS
                             United States District Judge